ZEHMER, Judge.
Appellant Phillip Pettit appeals from his conviction and sentences for aggravated assault and petit theft. As to appellant's first point on appeal, the state concedes the trial court did not comply with the requirements of section 39.111(6)(d), Florida Statutes (1985), by setting forth a written statement of reasons for imposing adult sanctions. Appellant's sentences are therefore vacated and the cause remanded for resentencing in compliance with that section.
Next, appellant contends that his three prior juvenile dispositions should not have been scored as part of his prior record because section 39.111(3) provides that such an adjudication shall not be deemed a conviction. Appellant states that while Fla.R.Crim.P. 3.701 permits scoring of pri- or offenses which resulted in convictions, his prior offenses were not convictions nor the equivalent of convictions and therefore could not be classified as such. We reject appellant’s argument.
Fla.R.Crim.P. 3.701(d)(5)(c) states:
Juvenile record: All prior dispositions which are the equivalent of convictions as defined in section (d)(2), occurring within three (3) years of the commission of the primary offense and which would have been criminal if committed by an adult, shall be included in prior record. [Emphasis added.]
Conviction is defined in section (d)(2) as “a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended.” Furthermore, the Committee Note (1985 Amendment) to Rule 3.701(d)(5) states:
Juvenile dispositions, with the exclusion of status offenses, are included and considered along with adult convictions by operation of this provision. However, each separate adjudication is discharged from consideration if three (3) years have passed between the date of disposition and the commission of the instant offense.
Appellant was adjudicated delinquent on charges of grand theft, receiving stolen property, and dealing in stolen property, offenses which would have been criminal if committed by an adult. The dispositions occurred within three years of the commission of the primary offense. As appellant’s three prior juvenile dispositions fit within the rule’s definitions, it was not error for the trial court to include them in calculating appellant’s prior record score.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BOOTH and WIGGINTON, JJ., concur.